**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ROBERT RANDALL MULLINS,**

      **Petitioner,**

**v.**                             **Case No. 3:16cv080-RV/CAS**

**FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On February 15, 2016, Petitioner Robert Randall Mullins, an inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On December 5, 2016, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 15. Pursuant to an order of this Court, ECF No. 17, Respondent filed a supplemental memorandum, ECF No. 22, and an amended motion with exhibits on March 13, 2017, ECF No. 23. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF Nos. 19, 24.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration,

the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

On August 27, 2007, by information filed in the First Judicial Circuit, Santa Rosa County, Florida, in case number 5707-CF-001145, the State charged Petitioner Mullins with one count of failure of sex offender to report in person at a driver's license office of the Department of Highway Safety and Motor Vehicles and secure a Florida driver's license or identification card within 48 hours of registering with the sheriff's office or Florida Department of Law Enforcement after establishing residence in this state or after release from custody, control, or supervision. Ex. A at 17. Mullins entered a plea of nolo contendere. *Id.* at 184. On August 24, 2010, nunc pro tunc August 3, 2010, the state trial court sentenced Mullins to five years of sex offender probation. *Id.* at 188-94. Mullins did not appeal this judgment and sentence.

On December 17, 2011, the trial court entered an order finding Mullins guilty of violating his probation and requiring Mullins to wear a Global Positioning System (GPS) unit under the Jessica Lunsford Act. Ex. O at 2. Mullins did not appeal this order.

On March 26, 2012, the State filed an affidavit of violation of probation. Ex. B at 282. The VOP affidavit stated that Mullins had violated two conditions of his probation: (1) Condition 9, by failing to comply with instructions of his probation officer not to tamper with or damage his GPS equipment; and (2) Condition 10, by failing to submit to electronic monitoring. *Id.* An evidentiary hearing took place on May 17, 2012. Ex. F. Mullins moved for a judgment of acquittal (JOA) after the State presented its evidence, arguing the GPS equipment failed to work properly and the State's evidence was insufficient to prove he willfully violated his probation. *Id.* at 59-62. The court denied the JOA motion. *Id.* at 62. The court ruled Mullins violated his probation as alleged, revoked his probation, and sentenced him to five years in prison with credit for 501 days. *Id.* at 106; Ex. B at 298-327. The court entered the judgment and sentence on May 18, 2012. Ex. B at 306.

Mullins appealed to the First District Court of Appeal (First DCA), assigned case number 1D12-2878, and his appellate counsel filed a brief

pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating he could not make a good faith argument that reversible error occurred.  Ex. G.  Mullins had the opportunity to file a pro se brief but he did not do so.  The First DCA per curiam affirmed the case without a written opinion on January 29, 2013.  Ex. H.  Mullins filed a motion for rehearing and reinstatement on February 12, 2013, which the court denied by order on March 19, 2013. Ex. I.  The mandate issued April 4, 2013.  Ex. J.

On June 17, 2013, Mullins filed a petition alleging ineffective assistance of appellate counsel in the First DCA, assigned case number 1D13-2885.  Ex. K.  The court denied the petition on July 19, 2013.  Ex. L. Mullins filed a motion for rehearing on September 4, 2013, Ex. M, which the court denied by order on October 2, 2013, Ex. N.

On November 15, 2013, Mullins filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, in the state trial court.  Ex. P at 1-25.  The court struck his motion as legally insufficient on January 17, 2014, allowing leave to amend.  *Id.* at 34-35. On March 10, 2014, Mullins filed an amended Rule 3.850 motion raising seven claims of ineffective assistance of counsel.  *Id.* at 41-71.  By order rendered August 12, 2014, the court dismissed the motion in part (Grounds 1, 3, and 5), denied it in part (Grounds 2, 4, and 7), and granted it in part

(Ground 6), and appointed a public defender for resentencing under a corrected scoresheet. Ex. O at 1-9 (exclusive of attachments). Mullins appealed to the First DCA, assigned case number 1D14-4262. On January 22, 2015, the First DCA issued affirmed the case, per curiam, without a written opinion. Ex. R. The mandate issued February 17, 2015. *Id.*

While the appeal was pending, on November 4, 2014, Mullins filed a Motion for Substitution of Counsel, which was granted, providing that Frank R. Hughes II would represent Mullins for his resentencing. Ex. S. The resentencing hearing took place on January 7, 2015. Ex. U. During the hearing, while represented by counsel, Mullins requested the court allow him to withdraw Ground 6 and not proceed with resentencing. *Id.* In an order rendered January 8, 2015, the court granted the request and dismissed Ground 6 with prejudice. *Id.*

Mullins indicates in his § 2254 petition that his retained counsel, Mr. Hughes, died in May 2015. ECF No. 1 at 15.

On October 20, 2015, Mullins filed a pro se Notice of Inquiry regarding a Rule 3.850 motion filed in 2012. Ex. V.

On December 4, 2015, Mullins filed a Motion for Order, requesting the trial court direct the Public Defender to provide him with telephone

records.  Ex. W.  The court treated the motion as a petition for writ of

mandamus and transferred it to the civil division.  Ex. X.

As indicated above, on February 15, 2016, Petitioner filed his § 2254

petition in this Court.  ECF No. 1.  On December 5, 2016, Respondent filed

a motion to dismiss the petition as untimely, with exhibits.  ECF No. 15.

Pursuant to an order of this Court, ECF No. 17, Respondent filed a

supplemental memorandum, ECF No. 22, and an amended motion with

exhibits on March 13, 2017, ECF No. 23.  Petitioner has not filed a reply,

although given the opportunity to do so.  *See* ECF Nos. 19, 24.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA),

there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C.

§ 2244(d)(1).  The period generally runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review," though there are later commencement

dates.  *Id.* § 2244(d)(1)(A).[1]  The limitations period is tolled for the time

during which a "properly filed" application for relief is pending in state court.

---

[1] Later dates which may commence the limitations period are the date on which (1) an
unconstitutional impediment which prevented the applicant from filing is removed; (2)
the constitutional right asserted was recognized by the United States Supreme Court
and made retroactive on collateral review; and (3) the factual predicate for the claim
could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).

*Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Petitioner's judgment became final June 17, 2013, when the 90-day time period expired for seeking certiorari review in the U.S. Supreme Court, following the First DCA's denial of his motion for rehearing in his direct appeal on March 19, 2013. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(3) (providing that "if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment"); Roper v. Sec'y, Fla. Dep't of Corr., No. 14-14841, 2017 WL 1487223 at *5 n.5 (11th Cir. Apr. 26, 2017) (unpublished opinion citing U.S. Supreme Court Rule 13(3) and noting "Roper's limitations period began 90 days after his motion for rehearing in his direct appeal was denied"); *see also* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) ("We now hold . . . that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule

13.3 and 28 U.S.C. § 2244(d)(1)(A).").  The one-year AEDPA limitations period would have expired one year later, on June 17, 2014, absent tolling activity.  *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

On or about June 17, 2013, however, Mullins filed a petition in the First DCA, ultimately considered as a petition alleging ineffective assistance of appellate counsel.  Ex. K.  At this point, the AEDPA clock had not yet started and the limitations period was tolled until the First DCA denied Mullins' motion for rehearing on October 2, 2013.  Ex. N.  The AEDPA clock then started and ran for 44 days until Mullins filed his Rule 3.850 motion on November 15, 2013.  Ex. P at 1-25.  On February 17, 2015, the First DCA issued the mandate in Mullins' appeal from the order on his Rule 3.850 motion, and the AEDPA clock started again on February 18, 2015.  Ex. R.  The AEDPA clock then ran for another 321 days until it expired on January 4, 2016.  Thus, Mullins' § 2254 petition, filed February 15, 2016, is untimely.

In his § 2254 petition, Mullins addresses the timeliness issue and asserts that because his attorney, Frank R. Hughes II, died in May 2015,

his attorney thus "abandoned" him constituting extraordinary circumstances to warrant equitable tolling of the AEDPA limitations period. ECF No. 1 at 15-16. Mullins has not, however, explained how the death of his attorney prevented Mullins from filing anything else in his case. Mullins makes the following statements:

> Frank Hughes and his assistant, Bradley Henderson, informed the Petitioner in the courthouse and jail (Santa Rosa County) during the week after the motion for postconviction relief was denied on January 8, 2015 that they would have the Petitioner back in court and out of prison within ninety days by obtaining the telephone records that have been concealed from the court. The Petitioner's last conversation with Frank Hughes occurred during a telephone call from the Santa Rosa County Jail. Frank Hughes stated that his assistant, Bradley Henderson, was at that moment inside a Kinko's Store, photocopying the Petitioner's "Second Amended Motion for Postconviction Relief," which the Petitioner never saw nor heard about again because Frank Hughes ceased communicating with the Petitioner, and became deceased a few months later in May 2015 from heart failure due to cocaine abuse. The Petitioner's letters were never answered and none of the Petitioner's case records were returned to him. The Petitioner's father obtained the January 8, 2015 Final Order Dismissing Ground 6 (Exhibit J), January 22, 2015 Per Curiam Affirmed Opinion (Exhibit K), and other Exhibits attached to this Petition, and mailed them to the Petitioner, who received them on October 26, 2015. The Petitioner believes the foregoing facts show he is similarly situated to the circumstances in *Holland v. Florida*, 130 S.Ct. 2549 (2010), and relies on that Court's ruling that an extraordinary circumstance of attorney misconduct entitles a petitioner to equitable tolling of the time period to file a petition.

ECF No. 1 at 15-16.

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); *accord* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis and internal quotations omitted)); *see, e.g.*, Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that limitations period may be equitably tolled where "a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). Petitioner Mullins has not made this showing.

In particular, Mullins has not shown that some extraordinary circumstance prevented him from timely filing his § 2254 petition. There appears to be no dispute that his attorney died in May 2015. This circumstance occurred well before the AEDPA limitations period expired, however.

Further, "even if a prisoner shows that 'extraordinary circumstances' occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling." Powe v. Culliver, 205 F. App'x 729 (11th Cir. 2006). Mullins has not shown he has been pursuing his rights diligently. His implicit assertion that he could not file anything until he received the materials from his father in October 2015 is not sufficient. The last court action in his case, before his attorney's death, occurred February 17, 2015, when the First DCA issued its mandate in Mullins' appeal from the trial court's ruling on his amended Rule 3.850 motion. Ex. R. Mullins did not file his § 2254 petition until almost a year later, on February 15, 2016. ECF No. 1. *See, e.g.*, Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (finding petitioner not entitled to equitable tolling during period when he was transferred to another facility and did not have access to his legal papers: "Indeed, Dodd has not claimed that he made any specific efforts to file his motion within the established limitations period, either in the five months before he was transferred to Miami or in the *seven* months after his return to Talladega."); Logreira v. Sec'y, Dep't of Corr., 161 F. App'x 902, 904 (11th Cir. 2006) (finding that petitioner who waited six months after state court denied his post-conviction motion before he filed § 2254 petition in federal court did not demonstrate reasonable

diligence).   Indeed, most importantly, Mullins' AEDPA limitations period did not expire until January 4, 2016.  Thus, even after Mullins received his materials from his father on October 26, 2015, he still had ten weeks to timely file his federal habeas petition.

Finally, the State references two additional filings by Mullins, neither of which tolls his AEDPA time.  First, as the State indicates, Mullins filed a pro se Notice of Inquiry regarding the status of a motion for post-conviction relief filed in 2012 in the First Judicial Circuit, Santa Rosa County.  Ex. V. Mullins submitted this Notice of Inquiry for mailing on October 15, 2015.  *Id.* The State explains that "[a] review of the dockets in each of Petitioner's cases listed . . . does not show a motion for postconviction relief filed by Petitioner in 2012."  ECF No. 23 at 5.  Rather, the dockets reflect Mullins' motion for post-conviction relief dated November 15, 2013, addressed *supra*.  Moreover, if Mullins had filed any motion for post-conviction relief in 2012, such motion would appear premature because, as indicated above, his direct appeal was not concluded until 2013.

Second, Mullins filed a pro se "Motion for Order" on November 25, 2015, in the criminal division of the First Judicial Circuit, Santa Rosa County.  Ex. X.  In this motion, Mullins asked the trial court, pursuant to Florida Rule of Criminal Procedure 3.220(f) (governing additional

discovery) and section 95.11(1), Florida Statutes, to issue an order directing the public defender to provide records that were subpoenaed by Assistant Public Defender Alice F. Harris, as she stated during his VOP hearing on May 17, 2012. *Id.* Mullins states, "Those subpoenaed records are material to a claim of fraud on this Court by the subornation of perjured testimony." *Id.* As the State indicates, "[t]he trial court treated the Motion for Order as a Petition for Writ of Mandamus and transferred the motion to the civil division." ECF No. 23 at 5; *see* Ex. X. This filing does not constitute an application for "post-conviction or other collateral review" within the meaning of § 2244(d)(2), for purposes of tolling the AEDPA limitations period. *See* Wall v. Kholi, 562 U.S. 545, 555-56 (2011) (holding that Rhode Island state court motion to reduce sentence constitutes application for collateral relief, explaining "[t]he decision to reduce a sentence, while largely within the discretion of the trial justice, involves judicial reexamination of the sentence to determine whether a more lenient sentence is proper" and distinguishing, in footnote 4, such motion from "a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment"). *See also* Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137,

1140-42 (11th Cir. 2015) (holding Florida state petition for belated appeal did not toll AEDPA limitations period, discussing <u>Kholi</u>, and quoting distinction in <u>Kholi</u> of motion to reduce sentence from motion for post-conviction discovery or motion for appointment of counsel).

## <u>Recommendation</u>

Therefore, it is respectfully **RECOMMENDED** that Respondent's amended motion to dismiss, ECF No. 23, be **GRANTED** and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2017.

**S/  Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  <i>See</i> 11th Cir. R. 3-1; 28 U.S.C. § 636.**